BENJAMIN B. WAGNER
United States Attorney
DEANNA L. MARTINEZ
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MACINTOSH MAC BOOK LAPTOP COMPUTER, SERIAL #4H7080MRWOQ,<br><br>TOSHIBA HARD DRIVE, SERIAL #377IFOFJS, and<br><br>HITACHI HARD DRIVE, SERIAL #HDT722516DLA380,<br><br>    Defendants.<br><br>MICHAEL LYNN LEYDER,<br><br>    Potential Claimant. | 1:10-MC-00020-LJO<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

    1.    On June 4, 2009, Michael Lynn Leyder was indicted pursuant to 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B). The Indictment included a forfeiture count pursuant to 18 U.S.C. § 2253 and listed the above-captioned property.

    2.    On or about May 4, 2008, officers obtained a search warrant for Michael Lynn Leyder's residence and laptop computer. Officers subsequently located and seized a Macintosh Mac

1  Book Laptop Computer, Serial #4H7080MRW0Q; Toshiba hard drive, Serial # 377IFOFJS; and a
2  Hitachi hard drive, Serial #HDT722516DLA380 (hereafter "defendant computer equipment").

3      3.      On or about July 28, 2009, a plea agreement was entered in *U.S. v. Michael Lynn Leyder*, 1:09-CR-00209-LJO, wherein Michael Lynn Leyder pled guilty to a violation of 18 U.S.C. § 2252(a)(4)(B) - Possession of Material Involving the Sexual Exploitation of Minors.  Michael Lynn Leyder has agreed to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture as set forth in the Indictment.  The defendant computer equipment was listed in the forfeiture allegation of the Indictment.  Michael Lynn Leyder's agreement to forfeit the defendant computer equipment was inadvertently left out of the plea agreement.

     4.      Michael Lynn Leyder acknowledges that he is the sole owner of the defendant computer equipment and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant computer equipment, Michael Lynn Leyder shall hold harmless and indemnify the United States, as set forth below.

     5.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

     6.      This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

     7.      The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

     8.      The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

     9.      All right, title, and interest in the defendant Macintosh Mac Book Laptop Computer, Serial #4H7080MRW0Q; and defendant Toshiba hard drive, Serial # 377IFOFJS seized on or about

CONSENT JUDGMENT OF FORFEITURE

1  May 4, 2008, shall be forfeited to the United States pursuant to 18 U.S.C. § 2254, to be disposed of
2  according to law.
3      10.     Within 45 days of entry of a Consent Judgment of Forfeiture herein the defendant
4  Hitachi hard drive, Serial #HDT722516DLA380, shall be returned to Kelly Christopherson, the true
5  owner of the hard drive, through attorney Eric V. Kersten at 2300 Tulare Street, Suite 330, Fresno,
6  CA 93721.
7      11.     Plaintiff United States of America and its servants, agents, and employees and all
8  other public entities, their servants, agents and employees, are released from any and all liability
9  arising out of or in any way connected with the seizure and forfeiture of the defendant computer
10 equipment. This is a full and final release applying to all unknown and unanticipated injuries, and/or
11 damages arising out of said seizure and forfeiture, as well as to those now known or disclosed. The
12 parties to this agreement agree to waive the provisions of California Civil Code § 1542, which
13 provides: **"A general release does not extend to claims which the creditor does not know or**
14 **suspect to exist in his or her favor at the time of executing the release, which if known by him**
15 **or her must have materially affected his or her settlement with the debtor."**
16      12.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court
17 finds that there was reasonable cause for the seizure of the defendant computer equipment, and a
18 Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1   13.     All parties will bear their own costs and attorneys' fees.

2   IT IS SO ORDERED.

3   Dated:  April 29, 2010                     /s/ LAWRENCE J. O'NEILL

4                                              United States District Judge

**CERTIFICATE OR REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described computer equipment.

Dated:  April 29, 2010                     /s/ LAWRENCE J. O'NEILL

                                           United States District Judge